(106 So. 69)

**WILDER et al. v. SHANNON.** (6 Div. 697.)

(Court of Appeals of Alabama. Nov. 3, 1925.)

**1. Death ⚖==58(1)—Party suing carries burden of showing negligence was proximate cause.**

Party suing for negligent death carries burden of proof to show defendant's negligence, and that such negligence was proximate cause of injuries suffered.

**2. Action ⚖==50(6)—Joining physicians, not joint tort-feasors, as defendants, held improper.**

Joining two physicians as defendants in action for damages for death caused by negligent treatment *held* improper, where it appeared there was no community of design or interest existing between them, and any wrongs committed by either were entirely separate and distinct from any committed by the other.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Mrs. W. C. Shannon, as executrix of the estate of W. C. Shannon, deceased, against W. H. Wilder and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The suit as originally filed was against the St. Louis & San Francisco Railroad Company, James R. Dawson, and W. H. Wilder. By amendment, other defendants were added or substituted, but all defendants except Dawson and Wilder were eliminated before trial. By her complaint—to state its general substance—plaintiff claimed damages for the death of testator October 5, 1918, which was proximately caused by the negligence of defendants in and about the treatment of testator, as an employé of defendant railroad company, while ill, when all of defendants, in consideration of a sum paid to them by or on behalf of testator, owed him the duty of providing him skilled medical and surgical treatment.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellants.

The burden of proof is upon the plaintiff to show that the injury complained of was produced by defendant's negligence. Shelton v. Hacelip, 167 Ala. 220, 51 So. 937; 21 R. C. L. 391. For separate and distinct wrongs, not connected by a common purpose, the wrongdoers are liable only in separate actions. Powell v. Thompson, 80 Ala. 51; 30 Cyc. 122; 15 Ency. Pl. & Pr. 562. The motion for new trial should have been granted. Bureau, etc., v. Griffin, 19 Ala. App. 657, 100 So. 77; Mooneyham v. Herring, 204 Ala. 332, 85 So. 391.

W. A. Denson, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

RICE, J. A new trial in this case should have been granted for, without considering others, two reasons:

[1] In the first place, it is well settled in our state that in actions of this kind plaintiff carries the burden of proof to show by the evidence (1) negligence, and (2) that the injuries suffered were the proximate result thereof. In neither particular did the plaintiff (appellee) discharge that burden in the instant case. The overwhelming weight of the evidence is to the effect that whatever

⚖==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 213 Ala. 129.

injuries plaintiff may have suffered were the direct result of the unprecedented and little understood flu epidemic that swept over the country at the time of the death of her testate.

[2] In the second place, the action was in tort and brought against the two appellants jointly. We find nowhere in the record any evidence showing or tending to show any community of design or interest existing between them. Any wrongs committed by either of them would seem to be entirely separate and distinct from any committed by the other, and no reason appears for joining them as defendants. We have been furnished with no brief on behalf of appellee, but a consideration of the whole record leads us to the conclusion that the verdict and judgment were founded in error, and ought not to stand.

For the error in overruling appellants' motion for a new trial, the judgment is reversed, and the cause remanded.

Reversed and remanded.